UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DOUGLAS LONGHINI, individually,

    Plaintiff,

Case No.: _____

v.

THE SHOPS OF BIRD ROAD, LLC, a
Florida limited liability company; and,
HORIZON PROPERTIES OF MIAMI, INC.,
a Florida corporation,

    Defendants.
_____/

## COMPLAINT
(*injunctive relief demanded*)

Plaintiff, DOUGLAS LONGHINI, individually (sometimes referred to as **"Plaintiff"**), on his behalf and on behalf of all other mobility impaired individuals similarly situated, hereby sues Defendants, THE SHOPS OF BIRD ROAD, LLC, a Florida limited liability company; and, HORIZON PROPERTIES OF MIAMI, INC., a Florida corporation, (sometimes referred to as **"Defendants"**), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (**"ADA"**), and states:

    1.    Plaintiff, DOUGLAS LONGHINI, is an individual residing in Miami, Florida, in the County of Miami-Dade.

    2.    Defendants own, manage, and operate the shopping center known as THE SHOPS OF BIRD ROAD, located generally at 8710-8760 SW 40TH STREET, MIAMI, FLORIDA, 33165, in the County of Miami-Dade (**"Property"**). The shops and restaurants that make up THE SHOPS OF BIRD ROAD include, but are not limited to: DR. SIMA, OPTOMETRIST,

SUBRAGEOUS RESTAURANT, NAVARRO PHARMACY, POLLO TROPICAL, and OFFICE MAX.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the Property *situs*. Defendants' Property is located in and Defendants do business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; *see also* 28 U.S.C. § 2201 and § 2202.

5. Plaintiff, DOUG LONGHINI, is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Mr. Longhini has cerebral palsy and uses a wheelchair to ambulate. Mr. Longhini has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. Mr. Longhini has personally visited the Property, which forms the basis of this lawsuit, and plans to return to the Property to avail himself of the goods and services offered to the public at the Property, if the Property is made accessible. Mr. Longhini lives in Miami, and he regularly visits shopping, dining, and business establishments in the Miami area. Plaintiff has encountered architectural barriers at the Property. The barriers to access at the Property have endangered his safety. In addition, under Title III of the ADA, Plaintiff has standing as a tester of ADA compliance.

6. Defendants own, manage, and operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendants own, manage, and operate, are together known as THE SHOPS OF BIRD

ROAD, and include, but are not limited to: DR. SIMA, OPTOMETRIST, SUBRAGEOUS RESTAURANT, NAVARRO PHARMACY, POLLO TROPICAL, and OFFICE MAX.

7. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' noncompliance with the ADA with respect to Property, as described but not necessarily limited to the allegations in paragraph 9 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendants. Plaintiff desires to visit the Property, not only to avail himself of the dining and shopping options available at the Property, but to assure himself that the Property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property and building, as prohibited by 42 U.S.C. § 12182, *et seq.*

9. Defendants have discriminated, and are continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if the respective Defendants have 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Property has shown that violations exist. These violations that Mr. Longhini has personally encountered include, but are not limited to:

**Parking**

    a) The plaintiff had difficulty exiting the vehicle as the designated parking space access aisle was located on an excessive slope. Violation: Some of the disabled use access aisles are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG, whose resolution is readily achievable.

    b) The plaintiff had difficulty exiting the vehicle as the required access aisle is not provided. Violation: There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG, whose resolution is readily achievable.

### Entrance Access and Path of Travel

a) The plaintiff could not traverse through areas of the facility as the required 36" path is not provided. Violation: There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG, whose resolution is readily achievable.

b) The plaintiff experienced a hazardous situation as the curb ramp protrudes into the vehicular pathway. Violation: There are curb ramps at the facility that project into vehicular areas in violation of Section 4.7.6 of the ADAAG, whose resolution is readily achievable.

c) There are curb ramps at the facility that contain excessive flared side slopes in violation of Section 4.7.5 of the ADAAG, whose resolution is readily achievable

d) The plaintiff had difficulty using some of the curb ramps as the slopes were excessive. Violation: There are curb ramps at the facility that contain excessive slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG, whose resolution is readily achievable.

e) The plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG, whose resolution is readily achievable.

f) The plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present. Violation: The path of travel contains excessive slopes in violation of Section 4.3.7 of the ADAAG, whose resolution is readily achievable.

g) The plaintiff had difficulty traversing the path of travel as it was not continuous and accessible. Violation: There are no accessible routes from the street, sidewalk and parking areas. These are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG, whose resolution is readily achievable.

### Access to Goods and Services

a) The plaintiff could not utilize the tables for their intended use as the tables did not provide the required knee clearance. Violation: The tables do not provide the required knee height and/or depth ranges in violation of Section 4.32.3 of the ADAAG, whose resolution is readily achievable.

b) The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be readily accessible and usable by persons with disabilities in violation of Section 36.211 of the ADAAG.

**Public Restrooms**

**Subrageous Restaurant (men's restroom)**

a) The plaintiff could not use the hand dryer without assistance as it was mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG, whose resolution is readily achievable.

b) The plaintiff could not flush the toilet without assistance as the flush valve was not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG, whose resolution is readily achievable.

**Navarro Pharmacy (men's restroom)**

c) The plaintiff had difficulty accessing the lavatory as the required clear floor space was not provided. Violation: The required clear floor space to access the lavatory is not provided in violation of Section 4.18 of the ADAAG, whose resolution is readily achievable.

10. The discriminatory violations described in paragraph 9 are not an exclusive list of Defendants' ADA violations. Plaintiff requires the inspection of Defendants' Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of Defendants' Property, and have otherwise been discriminated against and damaged by Defendants because of Defendants' ADA violations, as set forth above. Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. Plaintiff requires an inspection of Defendants' Property to remedy this discriminatory situation and to determine all areas of non-compliance with the ADA.

11. Defendants have discriminated against Plaintiff, and all others similarly situated, by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their Property in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, Defendants continue to discriminate against Plaintiff, and all others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendants are required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its Property, that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' Property since January 26, 1992, then Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the Property are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and, finally, if Defendants' Property is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then Defendants' Property must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Notice to Defendants is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if the respective Defendants have 10 or fewer employees and gross receipts of $500,000 or less). Plaintiff has satisfied all other conditions precedent to the filing of this action, or such conditions precedent have been waived by Defendants.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require Defendants to alter Property to make the Property readily accessible and useable to Plaintiff and all other persons with disabilities as defined by the ADA; or, by closing the Property until such time as Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment determining that Defendants at the commencement of the subject lawsuit are in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

b) Injunctive relief against Defendants including an order to make all readily achievable alterations to the Property; or, to make such Property readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and, to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and, to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

*Longhini v. Horizon Properties of Miami, Inc., et al.*
Case No.: _____

c) An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d) Such other relief as this Court deems just, proper, or otherwise allowable under Title III of the ADA, in favor of Plaintiff.

**DATED** this 22nd day of September, 2015.

        **ESPINOSA LAW GROUP**
        10625 N. Kendall Dr.
        Miami, FL 33176-1510
        Tel.: 352-219-1974
        E-mail: tallison@espinosalawgroup.com
        E-mail: despinosa@espinosalawgroup.com

        By: */s/ Thomas Charles Allison*
          Thomas Charles Allison, Esq.
          Florida Bar No. 35242
          Daniel Alberto Espinosa, Esq.
          Florida Bar No. 81686

        *Counsel for Douglas Longhini*