UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 15-23557-CV-UNGARO

DOUGLAS LONGHINI,

      Plaintiffs,

v.

THE SHOPS OF BIRD ROAD, LLC., et al.,

      Defendants.

-----------------------------------------------------/

## ORDER SETTING INITIAL PLANNING AND SCHEDULING CONFERENCE

**THIS CAUSE** is hereby setting for an Initial Planning and Scheduling Conference before the Honorable Ursula Ungaro, at the United States Courthouse, 400 N. Miami Avenue, 12th Floor, Courtroom 4, Miami, Florida, on **FRIDAY,  NOVEMBER 20,  2015 at 10:00 A.M.**

Counsel for the Plaintiff(s) is instructed to provide copies of this order to all counsel of record and to any unrepresented parties that have appeared in the case.  Pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.1B, the parties are jointly responsible for conferring to develop a proposed discovery plan; thereafter, the parties are to file and serve a Joint Planning and Scheduling Report, together with a proposed Scheduling Order, and an attached service list including the parties' names, phone numbers and facsimile numbers. The report and proposed order must be filed by **NOVEMBER 6, 2015** and must recite the following:

1.    A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.

2.    A brief summary of the facts which are uncontested or which can be stipulated to without discovery.

3.      A brief summary of the issues as presently known.

4.      Whether discovery should be conducted in phases or limited to particular issues.

5.      A detailed schedule of discovery for each party.

6.      Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.

7.      Proposed approximate dates for final pre-trial conferences and trial.

8.      The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.

9.      A list of all pending motions, whether each motion is "ripe" for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.

10.     Any unique legal or factual aspects of the case requiring special consideration by the Court.

11.     Any potential need for references to a special master or magistrate.

12.     The status and likelihood of settlement.

13.     Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.

## SERVICE OF PROCESS

**Notwithstanding the provisions of Federal Rule of Civil Procedure 4, the Plaintiff is ordered to serve and file returns of service on all Defendants promptly and at least no later than 14 days prior to the Planning and Scheduling Conference.  In the event any Defendant remains unserved by that date, Plaintiff must include in the Joint Planning and Scheduling Report a detailed explanation sufficient to show good cause for the failure to effect service. If Plaintiff fails to provide a sufficient explanation, the unserved Defendant will be dismissed from the action without further notice.**

## ELECTRONICALLY STORED INFORMATION

If the parties anticipate that electronically stored information ("ESI") will be relevant to the parties' claims and defenses, they must engage in discussions and arrive at a plan, which is proportional and reasonable in relation to the nature and complexity of the case, for the preservation, identification, and production of ESI.  The plan shall be separately submitted to the Court at the time

of filing the proposed Scheduling Order for Court approval.

In formulating a plan, the parties shall include, if necessary to the case, their stipulation regarding the specification of the formats in which documents are to be produced, the metadata fields, if any, that will be requested, the methods by which responsive documents will be identified, the procedures they will employ to protect claims of privilege, and other requirements, conditions or provisions that the parties believe are necessary to facilitate and expedite ESI document discovery.

With respect to initial disclosures required under Fed. R. Civ. P. 26(a)(1)-(2), pursuant to Rule 26(a), the disclosures must be made at or before the time the parties confer to develop the discovery plan.  The parties must certify in the Joint Scheduling Report that such disclosures have been made unless a party objects during the conference that the required disclosure(s) is not appropriate in the circumstances of the action and files an objection to the specific disclosure(s) with the Court.  Such objections must be filed no later than fifteen (15) days prior to the Initial Planning and Scheduling Conference and must include a full explanation of the basis for the objections.

In the event that motions are pending before the Court at the time of the Conference, the parties shall be prepared to argue, at the Court's discretion, the merits of such motions.

**In the event the Court issues a Scheduling Order prior to the Initial Planning and Scheduling Conference based on the information provided by the parties in their Joint Planning and Scheduling Report, the Court will notify the parties whether the Conference will be canceled.**

**DONE AND ORDERED** this ___*24*___ day of September, 2015 at Miami, Florida.


*Ursula Ungaro*

**URSULA UNGARO**
**UNITED STATES DISTRICT JUDGE**

cc: all counsel of record